IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CONGRESO DE UNIONES
INDUSTRIALES DE PUERTO RICO,
etc.,

    Plaintiff,

v.

BACARDI CORPORATION

    Defendant

CIVIL NO.: 98-1857 and 99-1116 (PG)

## OPINION AND ORDER

Plaintiffs brought this action in state court requesting unpaid meal period compensation for the last ten years. After removing this action to federal court, Defendant filed a "brief on preemption of state law claims". Specifically, Bacardi's contends that plaintiffs' state law claims are preempted under section 301 of the Labor Management Relations Act, 29 U.S.C. 185 (a). Thus, Defendant claims, this Court must limit the time span of the claims presented by Plaintiffs. Plaintiffs, Congreso de Uniones Industriales (hereinafter "CUI"), has filed an opposition to said motion. Plaintiffs contend that Defendant has misconstrued the preemption doctrine and that their claims arise out state law which, supposedly, is independent from the rights and benefits of the collective bargaining agreement. However, Defendant rebuts this characterization of plaintiff's claim by alleging that the only way in which state law claims involving labor-management agreements may escape the preemptive reach of section 301 is if such claims do not require the court to

construe the terms of a collective bargaining agreement. After a careful review of both parties arguments, the Court rules in favor of the Defendant.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

The plaintiffs have been employed in operations of a continuing nature in Defendant's plant. All of them are members of the CUI. The CUI and Bacardí are parties to a collective bargaining agreement (CBA). The parties have bargained three previous CBA's that covered the following periods: September 6, 1987 to September 5, 1990; September 6, 1990 to September 5, 1993 and September 6, 1993 to September 5, 1997. At the present, the current CBA, is in effect since November 14, 1997 up to November 13, 2001. All of the CBA's have included a provision with respect to the meal period compensation.[1]

In the case before us, a dispute related to allegedly unpaid work performed during the meal period arose between the C.U.I. and Bacardí. On July 13, 1998, plaintiffs filed this action before Puerto Rico's Superior Court, seeking payment for work allegedly performed during their meal period pursuant to the provisions of Puerto Rico's Act Number 41 of August 17, 1990, and Act 379 of May 15, 1948, 29 L.P.R.A. § 271 *et seq*. The complaint alleges that Bacardí owed plaintiffs back wages for unpaid meal periods retroactive <u>for the</u>

---

[1] In essence, the language of the agreements has been the following: The Company grants to those employees who **do not work in operations of a continued nature one(1) hour without pay for meals**. The Company shall grant all those employees working in operations of a **continued nature (½) hour with pay for meals**.
   The collective bargaining agreement also provides that any salary claims that arises from a dispute between Bacardí and the CUI can be filed in any court or government agency with competent jurisdiction, without having to exhaust the grievance procedure.

AO 72A
(Rev.8/82)

<u>last ten (10) years</u> from the day the complaint was filed. Allegedly the meal periods have been improperly compensated in violation of Act 41, *supra.*

On July 24, 1998, Defendant answered the complaint denying that it owes the amount requested by Plaintiff. Moreover, Defendant stated that they acknowledged all the rights that Plaintiffs are entitled to pursuant to the CBA.

Defendant requested the removal of this action to this Court pursuant to 28 U.S.C. §1441 (a). Plaintiffs sought a remand. Having considered the arguments of both parties, plaintiffs' motion for remand was denied. Simultaneously, defendants requested the consolidation of cases Civil No. 98-1857 (PG) and Civil No. 99-1116 (RLA). The consolidation was granted.

Following the removal, Defendant claims that this action is preempted. Bacardí argues that local laws governing meal periods are preempted by federal law based on Section 301 of the Labor Management Relations Act (L.M.R.A.) 29 U.S.C.A. § 185. On the other hand, Plaintiff allege that the local laws are not preempted by federal law. Moreover, they argue that this complaint is not based on a breach of the collective bargaining agreement, but on a state law violation by Bacardí. Thus, the question before the Court is whether plaintiffs claims are preempted pursuant to federal law based upon the federal policy contained in Section 301 of the Labor Management Relations Act.

Plaintiffs allege that the salary claim based on the unpaid meal period during the last 10 years is an action that arises from a violation of a state law (29 L.P.R.A. § 283), and not a labor dispute. Therefore, they argue that this action can be resolved under state law, since

this law confers rights that are enforceable without any reference to the (current or expired) CBA's. According to plaintiffs, their salary claim is not preempted because an interpretation of the CBA is not needed, since the rights to which they are entitled to pursuant to the provisions of Puerto Rico's Act Number 41 of August 17, 1990, and Act 379 of May 15, 1948 (29 L.P.R.A. § 271 *et seq.*) are a source of rights independent from the agreement.

Defendant argues that this Court has jurisdiction over the claim because the issue involves the interpretation of the collective bargaining agreement. The CBA states in paragraph number 42 that the Company will grant all employees that work in operations of a continuing nature half (½) hour with pay to take their meals.[2] According to Bacardí, CUI now attempts to disregard what it had bargained for. As such, Bacardí alleges that plaintiffs are not only questioning Bacardí's compliance with the agreement but also seeking remedies outside the collective bargaining agreement when the agreement already provides a remedy. Therefore, Bacardí insists that the claim is preempted since an interpretation of the agreement is needed to establish plaintiffs' rights.

According with the preemption doctrine, this Court asseverates that the salary claim based on state law is preempted by Section 301, *supra*. Furthermore, having determined that

---

[2] "When the employees are unionized, the stipulation for reducing the period fixed for taking food may be effected through collective bargaining or written agreement between the union and the employer." 29 L.P.R.A. § 283. Since this law allows the union and the employer to establish the rules that will govern the meal period, once they bargained, the union submitted itself to the agreement's provisions and if disputes arise pursuant to it, the agreement is the first source of rights that the union and employer should turn to in order to solve the dispute.

there is preemption in the case at hand, this Court dismisses all claims covering periods outside the current CBA.

## II. ANALYSIS AND DISCUSSION

At the present, no one seriously can contest that certain aspects of federal labor law have been construed to preempt the field of employer-employee relations. Its reach extends not only to "...federal jurisdiction over contract disputes but also prohibit[s] certain state law actions in the same subject area". *Lyndon v. Boston Sand & Gravel Co.*, 175 F.3d. 6, 10 (1st Cir. 1999).[3]

In the context of the Labor Management Relations Act (L.M.R.A.), Section 301 establishes that:

> Suit for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce[...] may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

From those words, a vast and complex preemption jurisprudence has emerged. According to the Supreme Court, preemption is necessary in order to ensure consistency in the interpretation of collective bargaining agreements through section 301. *See Bishop v.*

---

[3] For an analysis on the Supremacy Clause and the preemption doctrine, see *Pacific Gas & Elec. v. Energy Resources Comm'n*, 461 U.S. 190, 205 (1983); *Geier v. American Honda Motor Co.*, 68 U.S.L.W. 4425 (1999); *English v. General Elec. Co.*, 496 U.S. 72 (1990); Stephen I.. Locke, *Fine Tuning Preemption or Rewriting the Market Participant Exception*, 45 LAB.L.J. 3, 5 (1994) and Kevin J. McKeon, *NLRA Preemption Put Simply: Livadas v. Bradsshaw*, 33 DUQ. L. REV. 887, 889 (1995)

*Bell Atlantic,* 81 F.Supp. 2d 84, 87 (D. Me. 1999); *Livadas v. Bradsshaw,* 512 U.S. 107, 122 (1994); *Lingle v. Norge Division of Magic Chef Inc.,* 486 U.S. 339, 404 (1998). The preemptive effect of the L.M.R.A. is also justified by the need to preserve the central role of arbitration in the labor law field.[4] In doing so, <u>the parties are prevented from renaming as state law claims actions that actually arise under the collective bargaining agreement</u>. *Lyndon v. Boston Sand & Gravel Co.,* supra.

However, the preemption doctrine does not preclude all state law claims that are connected to a labor dispute. In order to determine which ones are precluded, the Supreme Court set out the proper standard in *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399 (1988). In *Lingle*, the Court expressed that:

> If the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law (which might lead to inconsistent results since there could be as many state-law principles as there are States) is pre-empted and federal labor-law principles--necessarily uniform throughout the Nation--must be employed to resolve the dispute.

In other words, Section 301's preemption precludes state law claims whenever resolution of plaintiff's claim is substantially dependent on analysis of a collective bargaining agreement.[5] State law claims are preempted when the claim involves rights created in the collective bargaining agreement including but not limited to wages, benefits and terms of

---

[4] *Textile Workers Union of Am. v. Lincoln Mills,* 353 U.S. 448, 456-57 (1957); *Allis-Chalmers Corp v. Lueck,* 471 U.S. 202; 219 (1985). *Teamsters v. Lucas Flour,* 369 U.S. 95 (1962).

[5] *Bishop v. Bell Atlantic,* 81 F. Supp. 2d 84, 87 (D. Me. 1999). *Lyndon v. Boston Sand & Gravel Co.,* 175 F.3d. 6, 10 (1st Cir. 1999). *Allis-Chamblers Corp. v. Lueck,* 471 U.S. 202, 214-15 (1985). *Lingle v. Norge Division of Magic Chef Inc.,* 486 U.S. 399, 413 (1998).

-6-

employment. *See Underwood v. Venango River Corp.*, 995 F.2d 677, 681 (7th Cir. 1993). Therefore, state law rights and obligations that do not exist independently of private agreements, and that as a result can be <u>waived or altered by agreement of private parties</u>, are preempted by those agreements. *See Allis-Chamblers Corp. v. Lueck,* 471 U.S. 202, 216 (1985). Section 301's force could entirely displace any state cause of action of violation of contract between an employer and a labor organization. *See Franchise Tax Board v. Construction Labores Vacation Trust,* 463 U.S. 1, 23 (1983).

Nonetheless, Section 301's preemptive reach does not preclude state law claims that can be resolved without construing the agreement itself. *See Lyndon v. Boston Sand & Gravel Co.*, 175 F.3d. 6, 10 (1st Cir. 1999); *Bishop v. Bell Atlantic,* 81 F. Supp. 2d 84, 87 (D. Me. 1999). Preemption applies only where there is a real interpretative dispute of a collective bargaining agreement's terms. *Id.* The mere mention or reference to a collective bargaining agreement in the course of litigating a state law claim is not sufficient to pre-empt that claim. See *Livadas v. Bradsshaw*, 512 U.S. 107, 124; *Lyndon*, 175 F.3d at 10; *Bishop*, 81 F. Supp.2d at 88.

> "Courts confronted with state law claims must therefore locate the line between the need for **mere consultation of CBA**, which does not demand federal preemption, and **more active interpretation of that agreement, which does preempt the state law claims**" *Lyndon*, 175 F.3d at 10.

In *Oquendo v. Dorado Beach Corp.*, 382 F. Supp. 516 (D. P.R., 1974), plaintiffs claimed as in the case at bar, back wages for hours worked and not paid according to the collective bargaining agreement. They characterized their claim as purely a local one arising

under the state laws and defendant's position was that the cause of action arose under two collective agreements executed between them. The Court ruled that plaintiffs' rights to compensation were contained in the collective bargaining agreements and, therefore, the state law claims were preempted by Section 301. See Also, *O'Hara v. District No. 1-PCD*, Meba, 56 F.3d 1514, (U.S. App. D.C. 1995); *Bayramian v. International Light Metals Corp*, 148 L.R.R.M. (B.N.A.) 2509 (1992).

In the case before us, in order to obtain relief the Court must interpret the CBA. The CBA between Bacardí and the CUI establishes the meal period and its compensation. So, when CUI negotiated with Bacardi the compensation regarding the meal period, that action constituted a waiver of the employees statutory rights under Puerto Rico law statutory rights. In order to decide the amount allegedly owed to Plaintiffs, this Court has to examine the specific provision of the CBA that covers the meal period. Thus, the governing law between the parties is the CBA. If CIU negotiated a different compensation rate for the meal period of its members than the one provided by the state law, the plaintiffs cannot chose selectively the applicable source of their compensation. Once a certain compensation rate was agreed to in the CBA, that is their only source of rights. Consequently, local law regarding compensation during the meal period is preempted by federal law.

Having concluded that plaintiffs' claims are preempted under Section 301 of the N.L.R.A, this Court now addresses the question of whether Bacardí is responsible for all the claims that arose while the previous three collective bargaining agreements were in effect.

Bacardí contends, that its responsibility with plaintiffs is only limited to the claims that may arise under the current CBA in effect from November 14, 1997 to November 13, 2001. On the other hand, plaintiffs argue that their rights emerge primarily and independently from state law and that even though CUI bargained for new agreement, this in no way affects or constituted a waiver of their rights under the previous agreements.

In *Arroyo v. Puerto Rico Sun Oil. Co.*, 919 F. Supp. 62 (D. P.R. 1996), the Court held that when an union and the employer are governed by a collective bargaining agreement, only the claims that arise from that particular agreement can be addressed. The Court concluded that causes of action covering expired agreements, could not be enforced. Also, in *Dorado Beach Hotel Corp. v. Local 610*, 811 F. Supp. 41, 45 (D. Puerto Rico 1993), the Court ruled that an arbitrator does not have jurisdiction to adjudicate grievances that have occurred outside the period of the current collective bargaining agreement.

In the case of a wage claim spanning retroactively various years in duration, the claim is limited exclusively to the collective bargaining agreement in effect when the complaint was filed. *See Arroyo*, 919 F. Supp. at 64; *Litton Financial Printing v. NLRB*, 501 U. S. 190. 309 (1991); *Dorado Beach Corp. v. Local 610*, supra. After an agreement expires it cannot provide section 301 jurisdiction for post-expiration claims. *United Paperworkers v. Champion*, 81 F.3d 798, 802 (8th Cir. 1996).

AO 72A
(Rev.8/82)

In the present case, the CBA clearly states in paragraph 31 that plaintiffs can take any claim for wages directly to Court.[6] The only claims that this Court can address are those arising from the current CBA effective November 14, 1997, until the filing of the complaint, July 14, 1998. Plaintiffs have no rights or causes of action arising out of expired collective bargaining agreements pursuant to Section 301 of the Labor Management Relations Act, (29 U.S.C. § 185). *See Arroyo v. Puerto Rico Sun Oil. Co.*, 919 F. Supp. 62, 64 (D. Puerto Rico 1996) and *Litton Financial Printing v. NLRB*, 501 U.S. 190, 209 (1991). To hold otherwise would seriously undermine the consistency of the federal jurisprudence's interpretation of Section 301.

By not presenting their claims on time and through the proper contractual channels, plaintiffs lost any right to claim wages allegedly owned then under the three previous expired agreements. Their right to pursue said claims through the procedure established in the previous agreements was lost when each contract expired and a new one was negotiated. *Arroyo v. Puerto Rico Sun Oil. Co.*, 919 F. Supp. 62, 64 (D. Puerto Rico 1996); *Litton Financial Printing v. NLRB*, 501 U. S. 190, 209 (1991); *Dorado Beach Hotel Corp. v. Local 610*, 811 F. Supp. 41 (D. Puerto Rico 1993). Bacardí's responsibility for any allegedly unpaid wages for meal periods is limited to those claims that may arise under the current CBA which became effective on November 14, 1997.

---

[6] Wage claims arising due to a different interpretation of the law by the Company, the workers or the Union, shall not be submitted to the Complaints and Grievances Committee. Such claims shall be discussed by the Union administratively with the Company, and if no agreement is reached, the case may be taken by the party considered harmed before any agency of the Government with competent jurisdiction, or before the courts. (Collective Bargaining Agreement Between Bacardí and CUI, Article X, § 31)

## CONCLUSION

For the foregoing reasons, Plaintiffs' claims are preempted under Section 301 of the L.M.R.A. Additionally, since local state law authorizing wages claims retroactively for ten years is incompatible with federal law limiting claims to the life of the agreement, Act 41, supra and Act 379, supra, are not applicable to plaintiffs claims. Plaintiff lost any right to claim back wages for unpaid meal periods by failing to claim their rights granted by the expired agreements.

**WHEREFORE**, this Court **GRANTS** Bacardí's motion to Dismiss all the claims for unpaid and worked meal periods which do not arise out of the CBA in effect between CUI and Bacardí.

**IT IS SO ORDERED**.

*[signature]*
JUAN M. PÉREZ GIMÉNEZ
U.S. District Judge