UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| CONGRESO DE UNIONES INDUSTRIALES DE P.R., ETC. Plaintiff, | * * * * | |
| v. | * * | CIVIL NO. 98-1857(PG) and 99-1116(PG) |
| BACARDI CORPORATION, Defendant. | * * | |

## OPINION AND ORDER

On August 25, 2000, the Court entered an Opinion and Order granting defendant's, Bacardí Corporation (Bacardí), motion to dismiss all the claims for unpaid and worked meal periods which did not arise out of the collective bargaining agreements in effect between plaintiff Congreso de Uniones Industriales (hereinafter "CUD") and Bacardí. (Docket #24).

Plaintiffs filed a "Motion For A New Trial" raising errors of law. Rule 59 of the Federal Rules of Civil Procedure has no applicability to what appears to be a motion for reconsideration of the Opinion and Order entered on August 25, 2000.

The Court will treat plaintiffs' motion as a motion to reconsider the August 25th Opinion and Order. However the Court will only consider those issues raised by plaintiffs which are relevant to what was decided in the prior opinion.

AO 72A
(Rev.8/82)

Civil No. 98-1857(PG)                                                                 Page 2

    Plaintiffs essentially argue that the Court erred in applying the doctrine of presumption under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) because federal and state courts have concurrent jurisdiction over such claims. Although state courts have concurrent jurisdiction with federal district courts over suits for violations of collective labor agreements, see <u>Lingle v. Norge Division of Magic Chef, Inc.</u>, 486 U.S. 399, 403 n. 2 (1988); <u>Arnold Co. v. Carpenters Dist. Council</u>, 417 U.S. 12 (1974); <u>Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of America v. Lucas Flour Co.</u>, 369 U.S. 95 (1962); <u>Charles Dowd Box Co. v. Courtney</u>, 368 U.S. 502 (1962), "state law claims preempted by section 301 can be properly removed to federal court despite a plaintiff's failure to plead explicitly a federal cause of action." <u>Douglas v. American Information Technologies - Corp.</u>, 877 F.2d 565, 569 (7th Cir. 1989).

    The other error allegedly committed by the Court was to limit the wage claims to the collective bargaining agreement in effect from November 14, 1997 to November 13, 2001 instead of the ten years under state law, 29th P.R.A. § 283. This same argument was already presented and considered by the court in its Opinion and Order and plaintiffs do not raise any point that was not previously addressed by this Court in the August 25th Opinion and Order.

Civil No. 98-1857(PG)            Page 3

In view of the above Plaintiffs' "Motion For New Trial" considered as a motion for reconsideration is hereby **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico _October 4_, 2000.

                                            JUAN M. PEREZ GIMENEZ
                                            U.S. District Judge