

RECEIVED & FILED
03 NOV 24 AM 7:47
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DIEGO REYES, et al.

Plaintiffs,

v.                                          CIVIL NOS. 98-1857 (PG)
                                                       99-1116 (PG)

BACARDI CORPORATION

Defendants.

## REPORT AND RECOMMENDATION

This is an action for damages brought by Diego Reyes and others[1] ("plaintiffs") against their employer, Bacardi Corporation ("Bacardi"). Bacardi removed this action from the Commonwealth Court of First Instance, Bayamón Section, pursuant to 28 U.S.C. § 1441(b), as this action arises under federal law, specifically, section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Plaintiffs seek compensation for work they allegedly performed during their meal period.

Bacardi Corporation ("Bacardi") now moves, pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, for partial summary judgment in the above consolidated cases. (Docket No. 93). Plaintiffs have neither responded to the Court's orders since July 16, 2003, nor have they responded to Bacardi's motion for summary judgement, thus the Court considers Bacardi's motion for summary unopposed. (Docket No. 98).

I. **Factual Background**

All plaintiffs relevant to this action are employed by Bacardi and are members of the Congreso de Uniones Industriales de Puerto Rico ("CUI"). The CUI and Bacardi are parties to a collective bargaining agreement ("CBA"), effective from November 14, 1997 to November 13, 2001. (See Docket 1, Exhibit B). The CBA was in effect when the facts giving rise to this action occurred. Id. The collective bargaining agreement provides that all grievances concerning the

---

[1] Other relevant plaintiffs are: Ramón Soto, Juan C. Ortiz, Carmelo Camerón, Raúl Rivera, Florentino Rivera, Félix Colón, Raúl Calderón, Héctor L. Rodríguez, Ramón Ginés, George Gordon, Luis A. Rodríguez, Ivelisse Martínez, María D. Morales, Erik Figueroa, Manuel O. Figueroa, Alfredo López, Nelson Candelario, Maranat Alicea, and Nelson Jusino.



**CIVIL NOS. 98-1857; 99-1116 (PG)**                    2

interpretation of the agreement will be submitted pursuant to the CBA's grievance and arbitration procedure. (See Docket 1, Exhibit B, Article VIII ¶ 23). The CBA contains an exception for salary disputes, however, which allows either party to file a claim in any court of competent jurisdiction without exhausting said grievance procedure. Id.

The plaintiffs originally filed this action with the Commonwealth Court of First Instance, Bayamón Section, (See Docket 1, p.2 ¶ 3) alleging violations of Act 41 of August 17, 1990, as amended, P.R. Laws Ann. tit. 29 § 271 *et seq.* ("Law 41"). Specifically, plaintiffs claim that Bacardi violated Law 41 insofar as it failed to compensate plaintiffs for work performed during their meal period. (See Docket 10, p. 2 ¶ 4). Bacardi successfully removed this action pursuant to 28 U.S.C. § 1441(b). (Docket No. 1). Bacardi then moved to consolidate Case No. 99-1116 with the present action, Case No. 98-1857. The Court granted Bacardi's motion to consolidate on June 3, 1999. (Docket No. 19). The salient facts are set forth below in further detail.

## II. Standard of Review

### A. Summary Judgment Standard

Summary Judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). When deciding a motion for summary judgment, the court must view the record in the light most favorable to the party opposing summary judgment, including all reasonable inferences in the nonmoving party's favor. See id. "If, after canvassing the material presented, the district court finds *some* genuine factual issue remains in the case, whose resolution one way or the other *could* affect its outcome, the court must deny the motion." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

**CIVIL NOS. 98-1857; 99-1116 (PG)**                3

B. <u>Local Rule 56(b)</u>

Local Rule 56(b), previously Local Rule 311.12, requires an annex to summary judgment motions that sets forth a "separate, short and concise statement of material facts as to which the moving party contends there is no genuine issue to be tried." D.P.R. R. 56(b). The nonmoving party's "failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies deeming the facts presented in the movant's statement of undisputed facts admitted. <u>Ruiz Rivera v. Riley</u>, 209 F. 3d 24, 28 (1st Cir. 2000). The Court of Appeals for the First Circuit has repeatedly held that the district court of Puerto Rico is justified in admitting one party's submitted uncontested facts when the other party does not file disputed facts in compliance with Rule 311.12. See, e.g., <u>United Parcel Serv., Inc. v. Flores-Galarza</u>, 318 F.3d 323, 330 (1st Cir. 2003); <u>Corrada Betances v. Sea-Land Serv., Inc.</u>, 248 F.3d 40, 43 (1st Cir. 2001); <u>Ruiz Rivera v. Riley</u>, 209 F.3d 24, 27-28 (1st Cir. 2000). "This, of course, does not mean the unopposed party wins on summary judgment; that party's uncontested facts and other evidentiary facts of record must still show that the party is entitled to summary judgment." <u>Torres-Rosado v. Rotger-Sabat</u>, 335 F.3d 1, 4 (1st Cir. 2003).

**III. <u>Legal Analysis</u>**

Plaintiffs claim that Bacardi failed to compensate them for work performed during their meal period. Law 41 establishes that an employer must allow its employees a meal period of at least one hour during regular working hours where the employee is free from all job obligations. P.R. Laws Ann. tit. 29 § 271 *et seq*. The CBA modifies this local law, and is controlling in the present action. (Docket No. 6). The CBA states, in relevant part: "The Company shall grant all those employees who do not work in operations of a continued nature one (1) hour without pay for meals. The Company shall grant all those employees working in operations of a continued nature half (1/2) hour with pay for meals." (<u>See</u> Docket 1, Exhibit B, Article IX, ¶ 42). The plaintiffs have failed to provide this Court with the specific facts and circumstances that form the basis of Bacardi's failure to provide them compensation.

According to Bacardi, it granted plaintiffs one (1) hour for their meal periods, and no

**CIVIL NOS. 98-1857; 99-1116 (PG)**                4



plaintiff worked during this period. (See Docket 93, p. 3 ¶ 1). Bacardi claims that plaintiffs are employed "in operations not of a continuing nature," and, accordingly, did not receive compensation for their one hour meal period. (See Docket 93, Exhibit I, p. 1 ¶ 5).

If there was evidentiary support for both the plaintiffs and defendant's respective positions, there would be some genuine issues of material fact in dispute precluding entry of summary judgment. The plaintiffs, however, failed to file an opposition to Bacardi's a motion for summary judgment and a statement of contested facts. As a result, plaintiffs have deemed admitted the following facts: Nos. 1-5 of Bacardi's statement of uncontested material facts. (See Docket 93, p. 1-3). Because all material facts in Bacardi's statement of uncontested material facts are deemed admitted, this Court need only determine whether, given the uncontested facts, Bacardi is entitled to judgement as a matter of law. Correa-Pagán v. Gulf Chem. Corp., 224 F. Supp. 2d 393, 395 (D.P.R. 2002). Although plaintiffs' failure to comply with Rule 56(b) does not automatically warrant the granting of summary judgment, "it launches the nonmovant's case down the road toward easy dismissal." Mendez Marrero, 968 F. Supp at 34.

Because plaintiffs' complaint is vague, and plaintiffs also failed to file an opposition to Bacardi's motion for summary judgment, the Court is uncertain of the harm alleged by plaintiffs: Were plaintiffs required to intermittently work during their one hour meal period? Were they required to return to work before they had taken one full hour? Both? In addition, the record is void of any specific allegations made by plaintiffs that point to how and when Bacardi violated Law 41, or the terms and conditions of the parties' CBA. "The Court is free to grant summary judgment in favor of the defendant if the plaintiff's claim rests merely upon conclusory allegations, improbable inferences, and unsupported speculation.'" Suárez v. Pueblo Int'l Inc., 229 F.3d 49, 53 (1st Cir. 2000) (citing Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)).

In light of the plaintiffs' failure to comply with Rule 56(b), the Court must grant Bacardi's motion for summary judgment as these admissions alone prevent a finding that Bacardi failed to adequately compensate plaintiffs. It is uncontested that all relevant plaintiffs were employed "in operations not of a continuing nature" and that Bacardi allowed all relevant plaintiffs one full hour

**CIVIL NOS. 98-1857; 99-1116 (PG)**           5

in which to take their meals. (See Docket 93, p. 2 ¶ 2). Thus, plaintiffs have failed to establish a genuine issue as to any material fact and Bacardi is entitled to a judgment as a matter of law.

**WHEREFORE**, this Court **RECOMMENDS** that Defendants' partial motion for summary judgment (Docket No. 93) be **GRANTED** as to the following plaintiffs: Ramón Soto, Juan C. Ortiz, Carmelo Camerón, Raúl Rivera, Florentino Rivera, Félix Colón, Raúl Calderón, Héctor L. Rodríguez, Ramón Ginés, George Gordon, Luis A. Rodríguez, Ivelisse Martínez, María D. Morales, Erik Figueroa, Manuel O. Figueroa, Alfredo López, Nelson Candelario, Maranat Alicea, and Nelson Jusino.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of the Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111 (1986); Davet v. Maccorone, 973 F. 2d 22, 30/31 (1st Cir. 1992).

**SO RECOMMENDED**
In San Juan, Puerto Rico, this 20th of November, 2003.

*U.S.M.J.*

**GUSTAVO A. GELPI**
United States Magistrate-Judge